```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MIKHAIL GOLODKEYER,

                Plaintiff,                    MEMORANDUM & ORDER
                                                20-CV-5616(EK)
        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Mikhail Golodkeyer challenges the Social Security Administration's denial of his claim for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant the Commissioner's motion and deny Golodkeyer's cross-motion.

## I.  Background

**A.  Procedural Background**

In October 2018, Golodkeyer applied for disability benefits, alleging a disability onset date of September 18, 2018. Administrative Tr. ("Tr.") 22, ECF No. 9. The agency denied his claim. Tr. 22. On December 20, 2019, an administrative law judge ("ALJ") held a hearing on Golodkeyer's claim. Tr. 22. The ALJ concluded that Golodkeyer was not disabled and therefore not entitled to disability benefits. Tr.

28. The Appeals Council denied Golodkeyer's request for review of the ALJ's decision, rendering it final.  Tr. 6-11.  Golodkeyer timely sought review of that decision in this Court.

**B.  The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity.  *Id.* § 404.1520(b).  If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the claimant's physical or mental ability to do basic work activities."  *Id.* § 404.1520(c).  If the ALJ identifies a severe impairment, then at step three, she must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments").  *Id.* § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1.  If it does, the ALJ will deem the applicant disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

2

Here, the ALJ determined that Golodkeyer had not engaged in substantial gainful activity since his alleged onset date. Tr. 24. The ALJ also determined that Golodkeyer suffered from the "severe impairments" of chronic heart failure, coronary artery disease (Golodkeyer has had five stents implanted), and hypertension. Tr. 24. However, the ALJ also determined that none of these severe impairments rose to the level of a Listed Impairment. Tr. 25.

When an ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, he or she must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ concluded here that Golodkeyer had the RFC to perform the "full range of sedentary work." Tr. 25; see 20 C.F.R. § 404.1567(a) (defining "sedentary work").

At step four, the ALJ considered whether, in light of the RFC determination, the claimant could perform "past relevant work." 20 C.F.R. § 404.1520(f). Here, the ALJ found that Golodkeyer could perform his past work as a jeweler and as a taxicab dispatcher. Tr. 27. Accordingly, the ALJ found Golodkeyer not disabled. Tr. 28; see 20 C.F.R. § 404.1520(a)(4)(iv) ("If you can still do your past relevant work, we will find that you are not disabled.").

## II. Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).[1] "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

## III. Discussion

Golodkeyer challenges the ALJ's determination that he has the RFC to perform sedentary work, and therefore can work his previous jobs as a jeweler and a taxicab dispatcher, as unsupported by substantial evidence. Mem. of Law in Supp. of

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Pl's Mot. for J. on the Pleadings ("Pl. Mot.") 10-13, ECF No. 10-1.[2]

The Social Security Regulations define "sedentary work" as that "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

In determining that Golodkeyer had the RFC to perform such work, the ALJ relied primarily on a consultative evaluation performed by Dr. Vinod Thukral, an internal medicine physician, in December 2018. Tr. 27; *see* Tr. 690-695. Thukral made numerous findings, including that Golodkeyer's gait was "normal," he could "walk on heels and toes without difficulty," his squat was "full," his stance was "normal," and he had "[s]trength 5/5 in the upper and lower extremities," as well as "[g]rip strength 5/5 bilaterally." Tr. 692-93. Moreover, Golodkeyer's heart had "[r]egular rhythm" with "no murmur,

---

[2] Page numbers in citations to record documents refer to ECF pagination rather than the documents' native page numbers.

5

gallop, or rub audible." Tr. 693. On this basis, Thukral opined that Golodkeyer "has no limitation for sitting." Tr. 693. Thukral did recognize, however, that Golodkeyer had "marked limitations for standing, bending, pulling, pushing, lifting, carrying, and other such related activities" because of his medical conditions. *Id.* Thrukal also stated that Golodkeyer "should avoid activities requiring moderate or greater exertion." *Id.*

Golodkeyer attacks this opinion as "insufficiently specific to allow inferences regarding a capacity for sedentary work." Pl. Mot. 11. He cites *Curry v. Apfel* for the proposition that that Dr. Thrukal's findings of only "marked" and "moderate" physical limitations were too vague to justify the ALJ's reliance. 209 F.3d 117 (2d Cir. 2000). *Curry* held that the "use of the terms 'moderate' and 'mild,' without additional information, does not permit the ALJ, a layperson notwithstanding her considerable and constant exposure to medical evidence, to make the necessary inference that [a plaintiff] can perform the exertional requirements of sedentary work." *Id.* at 123.

But Dr. Thrukal's opinion was not vague. He provided four pages of additional information (including objective medical findings) underpinning his conclusion. Tr. 690-93. "Courts have found *Curry* to be inapplicable where, as here, the

6

consultative examiner conducts a thorough examination and explains the basis for the opinion." *Martin v. Comm'r of Soc. Sec.*, No. 19-CV-406, 2020 WL 3547042, at *2 (W.D.N.Y. June 30, 2020); *see also Quintana v. Berryhill*, No. 18-CV-0561, 2019 WL 1254663, at *17 (S.D.N.Y. Mar. 19, 2019) (Parker, M.J.) ("[C]ourts in this district have held that a medical source's use of the terms 'mild' or 'moderate' to describe a claimant's impairments does not automatically render their opinion vague as long as the opinion contains objective medical findings to support their c`onclusion."); *Tudor v. Comm'r of Soc. Sec.*, No. 12-CV-2795, 2013 WL 4500754, at *12 (E.D.N.Y. Aug. 21, 2013) ("[T]he mere use of the phrase 'moderate limitations' does not render a doctor's opinion vague or non-substantial for purposes of the ALJ's RFC determination.").

Moreover, contrary to Golodkeyer's assertion that "the only medical assessment of [his] RFC is that of Dr. Thukral," the ALJ relied on other medical evidence as well.  The ALJ found "persuasive" the opinion of Dr. C. Li, who (like Thrukal) opined that Golodkeyer was able to perform sedentary worik.  Tr. 27; *see* Tr. 140-49.  Golodkeyer does not contest the validity of this opinion.  The ALJ also exhaustively reviewed the objective medical evidence in the case and noted that they fail[ed] to show any disabling symptoms because of [Golodkeyer's] physical impairments."  Tr. 27.  These portions of the record further

show that substantial evidence supported the ALJ's determination.

### IV. Conclusion

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted, and Golodkeyer's cross-motion is denied.

SO ORDERED.

                                                  /s/ Eric Komitee
                                                  ERIC KOMITEE
                                                  United States District Judge

Dated:    May 4, 2022
            Brooklyn, New York